UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALANA TYLER SLUTSKY and
ALANA TYLER SLUTSKY, INC.,

               Plaintiffs,

     - against -

GLOW CONCEPT, INC., d/b/a WINKY LUX,
GLOW CONCEPT RIVINGTON, INC.,
GLOW CONCEPT LLC, NATALIE MACKEY,
and NATHAN NEWMAN,

               Defendants.

------------------------------------------------------------x

Docket No. 20-cv-07993-VM

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2021

     WHEREAS, the parties Alana Tyler Slutsky, Alana Tyler Slutsky, Inc., Glow Concept, Inc., Glow Concept Rivington, Inc., Glow Concept LLC,[1] Natalie Mackey, and Nathan Newman, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

     1.     Counsel for any party may designate any document or information, in whole or in part, and in any event only to the extent necessary, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, or a third party to whom a duty of confidentiality is owed, in information that is business, financial, strategic, proprietary, personal, or otherwise sensitive non-public information, or a trade secret, or is

---

[1] Defendants' Answer noted that Glow Concept LLC no longer exists as the result of a merger.

otherwise restricted from disclosure by law.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Confidential Information.")

       2.      Counsel for any party may designate any document or information, in whole or in part, and in any event only to the extent necessary, as highly confidential only if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, financial, strategic, proprietary, personal, or otherwise commercially sensitive information, trade secrets, or other similar information not generally known, or otherwise restricted from disclosure by law, and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients, or a third party to whom a duty of confidentiality is owed, if disclosed.  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Highly Confidential Information.")

       3.      The Confidential Information and Highly Confidential Information produced will be held and used by the person receiving such information solely for use in connection with this action and any appeals of the action.

       4.      Confidential Information shall not be disclosed to any person, except:

          a.      The parties and counsel, including in-house counsel;

          b.      Employees of such counsel assigned to and necessary to assist in the litigation;

          c.      Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

          d.      Witnesses and deponents who counsel believes in good faith may be called in this action who are shown the Confidential Information while testifying;

  e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

  f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

5. Highly Confidential Information shall not be disclosed to any person, except:

  a. Outside litigation counsel;

  b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d. Witnesses and deponents who counsel believes in good faith may be called in this action who are shown the Highly Confidential Information while testifying;

  e. The Court (including any mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court); and

  f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

6. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person (except the parties, counsel, their employees, and the Court) to sign a non-disclosure agreement to be bound by this Order in the form attached hereto, retain each signed non-disclosure agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Each person who has access to discovery material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8. In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

9. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Order.

10. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. Before the filing of such information, the parties shall confer in good faith

about any information that should be filed under seal, and shall follow the Court's procedures with respect to filing under seal.

12. This Order shall survive the termination of the litigation and shall continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Information is produced or disclosed. At the conclusion of litigation, Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, which shall remain subject to this Order.

13. Nothing herein constitutes an admission by any party that Confidential Information or Highly Confidential Information produced in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information and the Highly Confidential Information.

14. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party shall promptly notify the source of the information before such disclosure.

15. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated:   October 19, 2021

LEICHTMAN LAW PLLC

By: _____
David Leichtman
Tatsuya Adachi
Devin Newman
228 East 45th Street, Suite 605
New York, New York 10017
Tel: (212) 419-5210
Email: dleichtman@leichtmanlaw.com
         tadachi@leichtmanlaw.com
         dnewman@leichtmanlaw.com

*Counsel for Plaintiffs Alana Tyler Slutsky and Alana Tyler Slutsky, Inc.*

DAVIS WRIGHT TREMAINE LLP

By: _____
James Rosenfeld
Raphael Holoszyc-Pimentel
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: (212) 489-8230
Email: jamesrosenfeld@dwt.com
         rhp@dwt.com

*Counsel for Defendants Glow Concept, Inc., Glow Concept Rivington, Inc., Glow Concept LLC, Natalie Mackey, and Nathan Newman*

SO ORDERED.

_____
Victor Marrero
U.S.D.J.

Dated: October 20, 2021
         New York, New York